**R. Scott Fahrney, Esq.**
**DeCOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
90 East Halsey Rd., Suite 385
Parsippany, New Jersey 07054
Tel: (201) 928-1100
Fax: (201) 928-0588
sfahrney@decotiislaw.com
*Counsel for Defendants, Truss Cosmetics Corp*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LY BERDITCHEV CORP, | Civil Action No. 2:22-CV-04242 |
| Plaintiff, | |
| vs. | **ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND CROSS CLAIM FOR DAMAGES, INJUNCTIVE, AND OTHER RELIEF FOR VIOLATION OF 15 U.S.C. §§ 1114, 1125(A)** |
| TRUSS COSMETICS CORP. ET AL., | |
| Defendants. | **JURY TRIAL DEMANDED** |

Defendants, TRUSS COSMETICS CORP. and LOMA LICENCIMENTO DE MARCAS LTDA (hereinafter referred to as "Answering Defendants") file their answer, affirmative defenses and counterclaim and in support, and state as follows:

**NATURE OF THE ACTION**

1. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

2. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint.

3. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint.

4. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiffs' Complaint and, therefore, can neither admit nor deny the same.

5. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiffs' Complaint and, therefore, can neither admit nor deny the same.

6. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

7. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint.

8. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint.

9. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint.

10. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

11. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

12. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

**<u>PARTIES</u>**

13. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiffs' Complaint and, therefore, can neither admit nor deny the same.

14. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint.

15. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint.

16. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint.

## JURISDICTION AND VENUE

17. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint for jurisdictional purposes.

18. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint for jurisdictional purposes.

19. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint for jurisdictional purposes.

20. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint for jurisdictional purposes.

21. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

22. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint for jurisdictional purposes.

23. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint for jurisdictional purposes but deny that anything was illegal about their acts.

24. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint for jurisdictional purposes but deny that anything was illegal about their acts.

25. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint for jurisdictional purposes.

## BACKGROUND FACTS

26. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint.

27. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint.

28. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiffs' complaint.

29. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

30. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

31. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

32. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

33. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants admit that the Settlement Agreement is in existence, but deny all allegations that the Answering Defendants  violated the law.

34. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an

answer appropriate, the Answering Defendants admit that the Settlement Agreement is in existence, but deny all allegations that the Answering Defendants  violated the law.

35. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants admit that the Settlement Agreement is in existence, but deny all allegations that the Answering Defendants  violated the law.

36. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants admit that the Settlement Agreement is in existence, but deny all allegations that the Answering Defendants  violated the law.

37. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants admit that the Settlement Agreement is in existence, but deny all allegations that the Answering Defendants  violated the law.

38. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants admit that the Settlement Agreement is in existence, but deny all allegations that the Answering Defendants  violated the law.

39. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

40. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

41. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

42. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

43. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

44. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

45. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

46. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

47. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

48. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

49. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

50. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

51. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

52. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

53. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

54. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

55. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

56. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

57. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

58. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

59. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary. To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them and lack sufficient knowledge upon which to base a belief as to the balance of the allegations contained therein, and therefore can neither admit nor deny the same.

60. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary. To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them and lack sufficient knowledge upon which to base a belief as to the balance of the allegations contained therein, and therefore can neither admit nor deny the same.

61. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

62. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

63. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

64. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

65. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary. To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

66. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

67. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

68. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

69. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

70. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations asserted against them.

71. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiff's complaint.

72. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

73. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

74. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

75. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

76. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

77. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

78. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

79. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

80. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

81. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

82. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiff's complaint.

83. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiff's complaint.

84. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

85. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

86. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

87. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

88. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

89. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

90. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

91. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

92. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

93. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

94. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

95. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

96. The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

97. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

### COUNT I – BREACH OF CONTRACT

40. The Answering Defendant repeats and realleges each and every answer to the allegations of the Complaint as if set forth at length herein.

41. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants admit that the Settlement Agreement is in existence, but deny all allegations that the Answering Defendants  violated the law.

42. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants admit that the Settlement Agreement is in existence, but deny all allegations that the Answering Defendants  violated the law.

43. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

44. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an answer appropriate, the Answering Defendants admit that the Settlement Agreement is in existence, but deny all allegations that the Answering Defendants  violated the law.

45. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary.  To the extent the Court deems an

answer appropriate, the Answering Defendants admit that the Settlement Agreement is in existence, but deny all allegations that the Answering Defendants violated the law.

46. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary. To the extent the Court deems an answer appropriate, the Answering Defendants admit that the Settlement Agreement is in existence, but deny all allegations that the Answering Defendants violated the law.

47. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

48. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

49. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

**COUNT II - DECLARATORY JUDGMENT**
**(No Trademark Infringement)**

98. The Answering Defendant repeats and realleges each and every answer to the allegations of the Complaint as if set forth at length herein.

99. The Answering Defendants admit the allegations asserted against them in this paragraph of the Plaintiff's complaint.

100. The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

101. The allegations contained in this paragraph of the Plaintiff's Complaint are conclusions of law and not averments of fact and therefore, no answer is necessary. To the extent the Court deems an answer appropriate, the Answering Defendants deny all allegations that the Answering Defendants violated the law.

13

102.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

103.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

104.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

105.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

106.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

## COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

107.     The Answering Defendant repeats and realleges each and every answer to the allegations of the Complaint as if set forth at length herein.

108.     The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

109.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

110.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

111.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

112.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

113.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

114.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

115.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

116.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

117.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

118.     The Answering Defendants lack sufficient knowledge upon which to base a belief as to the truth of the allegations asserted against them contained in this paragraph of the Plaintiff's Complaint and, therefore, can neither admit nor deny the same.

119.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

120.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

**COUNT IV – DEFAMATION**

121.     The Answering Defendant repeats and realleges each and every answer to the allegations of the Complaint as if set forth at length herein.

122.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

123.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

124.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

125.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

126.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

127.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

128.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

129.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

130.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

131.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

132.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

133.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

134.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

135.     The Answering Defendants deny the allegations asserted against them in this Paragraph of the Plaintiff's Complaint and leave Plaintiffs to their proofs.

**WHEREFORE**, the Answering Defendants demand judgment in their favor, dismissing all claims asserted against them and seek to be awarded attorney's fees, cost of suit, interest along with any other remedy the court deems appropriate.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE
### WAIVER, ACQUIESCENCE, ESTOPPEL, LACHES

Each of the purported claims set forth in the Complaint is barred by the doctrines of waiver, acquiescence, laches and estoppel.

### SECOND AFFIRMATIVE DEFENSE
### NO WILLFULNESS

Without admitting any infringement, Answering Defendants have not willfully infringed any claim of the trademarks-in-suit.

### THIRD AFFIRMATIVE DEFENSE
### NO DAMAGE

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Answering Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### FOURTH AFFIRMATIVE DEFENSE
### FAILURE TO MITIGATE DAMAGES

Plaintiff has failed to mitigate its damages, if any.

### FIFTH AFFIRMATIVE DEFENSE
### DUPLICATIVE CLAIMS

Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### SIXTH AFFIRMATIVE DEFENSE
### THIRD-PARTY USE

Plaintiff's claims are barred, in whole or in part, by reason of other parties' use of one or all of the marks at issue.

SEVENTH AFFIRMATIVE DEFENSE
NON-INFRINGEMENT

Answering Defendants did not infringe any applicable trademarks or patents under federal or state law.

EIGHTH AFFIRMATIVE DEFENSE:
CONCURRENT USE

The claims in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

NINTH AFFIRMATIVE DEFENSE
INNOCENT INFRINGEMENT

The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

TENTH AFFIRMATIVE DEFENSE
FAILURE TO STATE A CLAIM

Plaintiff has failed to state a claim upon which relief can be granted.

ELEVENTH AFFIRMATIVE DEFENSE
UNCLEAN HANDS

Plaintiff's claims are barred by the doctrine of unclean hands.

TWELFTH AFFIRMATIVE DEFENSE
INDISPENSABLE PARTY

Plaintiff's claims should be dismissed because an indispensable party has not been joined.

THIRTEENTH AFFIRMATIVE DEFENSE
STANDING

Plaintiff lacks standing to assert its claims because it has not suffered a legally cognizable injury.

FOURTEENTH AFFIRMATIVE DEFENSE
FAILURE TO MITIGATE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate any harm that it has alleged it suffered.

## FIFTEENTH AFFIRMATIVE DEFENSE
### INEQUITABLE CONDUCT

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's inequitable behavior.

### ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses based on information obtained during the course of discovery.

**WHEREFORE**, the Answering Defendants demand judgment in their favor, dismissing all claims asserted against them and seek to be awarded attorney's fees, cost of suit, interest along with any other remedy the court deems appropriate.

## COUNTERCLAIM AGAINST PLAINTIFFS

Defendant/Counter-Plaintiff, TRUSS COSMETICS CORP. and LOMA LICENCIMENTO DE MARCAS LTDA (hereinafter referred to as "Counter-Plaintiff") by its undersigned attorneys, alleges the following as and for its Counterclaim against Plaintiff/Counter-Defendant, LY BERDITCHEV CORP, (hereinafter referred to as "LYB"):

## JURISDICTION

1. This Court has original subject matter jurisdiction pursuant to 28 U.S.C §1332 because there is complete diversity between the parties andPlaintiff's damages exceed $75,000 exclusive of interest and costs; 28 U.S.C. §1338 as Plaintiff's claims sound in unfair competition in interstate commerce; and the Federal Declaratory Judgments Act, 28 U.S.C. §§2201–2202 and F.R.C.P. Rule 57.

2. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) as Plaintiff's claims are so closely related and arise from the same nucleus of operative facts to its federal claims as to form part of the same case  or controversy.

3. Personal jurisdiction exists over LYB in  New Jersey as to these claims as Counter-Defendant is a is a corporation organized and existing under the laws of the State of New York, with a place of business at 300 Broadacres Drive, Suite 425, Bloomfield, NJ 07003.

4. Counter-Defendant is a sophisticated online retail seller operating Merchant Storefronts ononline market platforms including amazon.com to advertise, market, offer, sell and deliver goods and otherwise do business and affect interstate commerce in New Jersey.

## NATURE OF THE CASE

5. This case involves blatant piracy of plaintiffs' trademarks, and deception of consumers in interstate commerce. Counter-Plaintiffs own, respectively, the marks of TRUSS, which they use to market hair and beauty products in interstate commerce, including on the retail website Amazon.

6. Counter-Defendants have used these marks to sell inferior, gray goods products, and in some instances promising products to which they do not deliver all of the advertised product at all. They thereby not only harm Counter-Plaintiffs, but engage in rampant consumer deception and false advertising.

7. Counter-Plaintiffs have, after multiple attempts, had Amazon remove these infringing listings, at least for now. Counter-Plaintiffs now seek relief from this Court to compensate them for their losses.

### *The Amazon Platform:*

8. Earning and preserving customer trust is a fundamental aspect of Amazon's business. In addition to selling directly to customers, Amazon allows third parties to sell products through the Amazon store.

9. In exchange for the privilege of selling on Amazon.com, all third-party sellers agree to abide by Amazon's Business Solutions Agreement and incorporated policies (the "BSA").

10. Amazon's seller policies are designed to ensure Amazon provides the highest level of customer experience and trust possible to the customers or users of its platform.

11. As a condition of selling on Amazon, Plaintiff, like all sellers, agreed to the terms and conditions of the BSA and to abide by its incorporated Program Policies.

12. Amazon's Policies and Program Terms include their "Product Detail Page Rules"[1] and "ASIN Creation Policy."

13. Every single product sold on the Amazon platform has a dedicated Product Detail Page ("PDP"). Each PDP is associated with a unique Amazon Standard Identification Number or "ASIN."

14. The Product Detail Page Rules explicitly state the following:

Customers will first learn about your offers on a product detail page. The policies below ensure each product detail page covers a single unique item. This helps give customers a clear and consistent buying experience. In general, you will need to …

- Accurately categorize and describe your products.
- Refrain from creating duplicate pages for a product that already has a detail page.
- You cannot add details which infringe upon the IP rights of other parties or individuals. For more details, check the Intellectual Property Rights for Sellers page.
- You must not use false product identification information in product detail pages. This includes UPC codes and publication dates.
- You must not create a product detail page for a product already in Amazon's catalog.

15. In line with the Product Detail Page Rules, Amazon does not allow multiple ASINs for the same products to exist on its platform.

16. Each PDP has a dedicated webpage, and it is the only webpage on the Amazon platform upon which a specific product or ASIN is permitted to be sold.

17. For example, if an ASIN is created for a specific Television model on the Amazon platform, only one ASIN should exist in Amazon's catalog for that Television, and every third-party seller who wishes to offer that specific model of Television for sale must list their offer on the same ASIN / PDP / URL.

---

[1] See Exhibit 2 – Amazon Product Detail Page Rules.

18. This same basic rule applies to all product categories sold on the Amazon platform, including shampoos, conditioners and other personal beauty and haircare products. Amazon calls this rule its Duplicate ASIN Creation Policy, a sub-section of the ASIN Creation Policy.

19. The Duplicate ASIN Creation Policy is reproduced as a screenshot below and is also attached hereto as Exhibit 3.

### Duplicate ASIN creation policy

Creating a new ASIN when the product already exists in Amazon's catalog is prohibited and can result in your ASIN creation or selling privileges being temporarily suspended or permanently removed.

Matching your products to existing products in Amazon's catalog helps drive a high-quality customer experience. Matching to an existing product instead of creating a duplicate listing allows you to more fully benefit from buyer interest and traffic for that product.

### How are duplicates created?

Duplicates are most commonly created when one or more of the following happens:

- You incorrectly use the UPC, EAN, ISBN, ASIN, or JAN not belonging to the product (such as from another product) to identify the product you are selling.
- You introduce distinct UPCs, EANs, ISBNs, or JANs for identical products. For example:
  - You assign a product a new UPC or EAN in each Amazon marketplace where you sell the product.
  - You assign a new UPC or EAN for compatible products such as a laptop charger that is compatible with multiple laptops.
- You are an Amazon Brand Registry seller using an alternative key attribute to list your products. If you use multiple key attribute values to list the same product, a new ASIN will be created for each key attribute value.
- You have received a product identifier exemption for a product that actually has a product identifier. Listing it without an identifier will create a duplicate.

### Tips to avoid creating duplicate ASINs

Ensure that you always use the appropriate UPC, EAN, ISBN, ASIN, or JAN code when listing a product. The codes are reliable data that can be used to match your products to existing products in the catalog. Using incorrect UPC, EAN, ISBN, ASIN, or JAN codes to list a product is prohibited and can result in your ASIN creation privileges being suspended or permanently removed. For more information, go to Potential duplicates, Amazon brand name policy, and How to list products that do not have a GTIN (UPC, EAN, JAN, or ISBN).

20. Amazon makes it clear, "[c]reating a new ASIN when the product already exists in Amazon's catalog is prohibited and can result in your ASIN creation or selling privileges being temporarily suspended or permanently removed.

21. Matching your products to existing products in Amazon's catalog helps drive a high-quality customer experience.

22. Matching to an existing product instead of creating a duplicate listing allows you to more fully benefit from buyer interest and traffic for that product."

23. Additionally, Duplicates are most commonly created when one or more of the following happens: "You incorrectly use the UPC, EAN, ISBN, ASIN, or JAN not belonging to the product (such as

from another product) to identify the product you are selling … You introduce distinct UPCs, EANs, ISBNs, or JANs for identical products."

*Background:*

24. On June 24, 2022, Plaintiff filed the Complaint against Truss for breach of contract, declaratory judgment, tortious interference with contract and defamation.

25. The Complaint is premised on an April 23, 2021 Settlement Agreement (the "Agreement"), authored by Plaintiff's current counsel, Mark Berkowitz, by and between these parties that resulted from yet another case filed by the Plaintiff against Truss in federal court, specifically, case number 2021-cv-03420.

26. The Agreement resolved Plaintiff's prior infringement allegations of Truss' trademark rights relative to specific ASINs sold on the Amazon platform.

*The Dispute:*

27. Giving rise to the current dispute between these parties are intellectual property infringement complaints that Truss filed on Amazon, regarding clear infringement and unlawful use of its trademark, and which is wholly unrelated to Plaintiff.

28. Truss is the owner of United States Trademark Registration No. 4738823 TRUSS for protection of its branded products, including Conditioners; Cosmetic creams; Cosmetics; Hair colorants; Lotions for cosmetic purposes; Oils for cosmetic purposes; Perfume; and Shampoos.

29. As discussed above, it is against Amazon's policy to create a duplicate PDP / ASIN for a product that already exists in Amazon's catalog.

30. In other words, if a specific product is already available for sale on the Amazon platform, any seller wishing to sell that product must "join" the pre-existing ASIN and must NOT create a new or duplicate ASIN.

31. Recently, Truss learned that an unknown party created "duplicate listings" for nineteen (19) TRUSS products sold on Amazon.com.

32. Only two ASINs are subject to this suit, ASINs B08B4TS7NS and B08B4VCFLX.

33. Truss' Report included ASINs B08B4TS7NS & B08B4VCFLX and was submitted to Amazon alleging infringement of the TRUSS' trademark as it is obligated to do so to maintain its trademark registration.

34. In addition to the listings being in violation of the duplicate listing policy, the two ASINs at issue also contained incorrect information about the products and created a negative customer experience for the TRUSS brand.

*The Infringement Allegations:*

35. Amazon allows an unlimited number of sellers to join a PDP and sell their inventory against that listing.

36. The Plaintiff, a Third-Party Seller on the Amazon platform, subject to the BSA, whom, unbeknownst to Truss at the time it filed its trademark infringement allegations with Amazon was offering its inventory via duplicate ASINs B08B4TS7NS and B08B4VCFLX, which were reported to Amazon for infringement.

37. The duplicate listings contained the following inaccurate and misleading errors regarding the Truss brand:

TRUSS Deluxe Prime Champagne Blond Hair Toner:

38. ASIN B08B4TS7NS is a duplicate listing for ASIN B077BWZJKN.

39. The Proper title for this product, as indicated in ASIN B077BWZJKN is "TRUSS Deluxe Prime Champagne Blond Hair Toner."

40. The following incorrect and misleading information was present on the Duplicate Listing (ASIN B08B4TS7NS):

- incorrect title

- incorrect UPC and item codes provided;

- incorrect images;

- missing images;

- incorrect product descriptions;

- incorrect product dimensions; and

- typos in the listing content.

<u>TRUSS Ultra Hydration Plus Conditioner:</u>

41. ASIN B08B4VCFLX is a duplicate listing for ASIN B077C3K3Y6. The Proper title for this product, as indicated in ASIN B077C3K3Y6 is "Truss Ultra Hydration Plus Conditioner."

42. The following incorrect and misleading information was present on the Duplicate Listing (ASIN B08B4VCFLX):

- incorrect UPC and item codes provided;

- incorrect title;

- incorrect images;

- missing images;

- incorrect product descriptions;

- incorrect product dimensions; and

- typos in the listing content.

43. Generally, these duplicate listings created a poor brand image, and combined with the false designation of origin (incorrect UPC and Item Numbers), created valid claims to report the listings to Amazon for trademark infringement.

44. Thus, Truss proceeded to file trademark infringement complaints with Amazon, which resulted in the removal of the duplicate, infringing listings from Amazon's catalog.

45. Plaintiff included the "Performance Notifications" they received regarding Truss' infringement allegations within the Complaint – Amazon assigned both notifications the same Amazon complaint ID, 10193520861.

46. It should be noted that (as shown below) Truss' complaints to Amazon were filed on the same day (as indicated by the shared complaint ID and despite Plaintiff's false allegations), and did not concern Plaintiff, or any specific Amazon seller.

47. Truss did not directly or indirectly submit any complaints to Amazon concerning Plaintiff, it's listings for Truss Products, and/or Truss Products sold by Plaintiff.

48. There is simply no breach of the Parties' 2021 Settlement Agreement.

*Amazon's Mechanisms for Submission of Infringement Allegations:*

49. Amazon encourages trademark owners to register for its 'Brand Registry' Program.

50. In Amazon's words, "[e]nrolling in Amazon Brand Registry unlocks a suite of tools designed to help you build and protect your brand, creating a better experience for customers."

51. When a user logs into the Amazon Brand Registry Platform (www.brandregistry.amazon.com), they are able to use a dedicated "Report a Violation Page" to submit allegations of Trademark, Copyright, and / or Patent infringement to Amazon.

52. The system is automated and allows a user to submit complaints *only* by following Amazon's workflow.

53. When reporting allegations of Trademark infringement, a user is initially presented with two options: (1) an option to report the "entire selected ASIN;" or (2) an option to report a specific third-party seller offer. See the following demonstrative example:



54. In the example above, the *entire* selected ASIN is selected for removal, without any regard to a specific seller or product.

55. This selection indicates a desire to report the entire PDP for removal from Amazon's website without regard to any specific sellers or the sale of any products.

56. However, in the following demonstrative example, we see the visual and distinct difference between selecting a specific seller offer versus reporting an entire ASIN:



57. When filing a complaint against a specific seller, an individual seller name can and must be selected to proceed.

58. Truss filed its allegations against 19 different ASINs at an entire and complete product detail Page level. All allegations, including those regarding ASINs B08B4TS7NS & B08B4VCFLX at issue in this matter were included in the ASIN level complaints for the entire PDPs – no specific seller name was mentioned in the report.

59. The allegations, because they were filed simultaneously, were assigned the same Complaint ID, 10193520861.

60. An ASIN level complaint such as Complaint ID 10193520861 does not target any specific sellers.

61. Amazon has a different mechanism for submission of infringement allegations against specific sellers.

62. This mechanism was not used in regard to either of the complaints at issue.

63. When an entire ASIN is selected to be reported (rather than an individual, specific third-party seller offer), the submitter is provided with three (3) options to select from for the basis of their trademark infringement allegations.



64. The allegations associated with Complaint ID 10193520861 submitted to Amazon by TRUSS selected the option "A product detail page is unlawfully using my trademark …"

65. The submission history from TRUSS' brand registry account is re-produced below:



66. As made clear, both by the notifications contained within Plaintiff's Complaint and the Truss Brand Registry Submission History regarding Complaint ID 10193520861, the allegations did not breach the terms of the settlement agreement:

67. Truss did *not* Submit Reports to third-party marketplaces, including Amazon, concerning LYB, LYB's listings for Truss Products, and / or Truss products sold by LYB.

68. Truss did *not* allow its agents, attorneys, licensees and distributors to submit, directly or indirectly such reports.

69. None of the Reports submitted by Truss were concerning LYB, LYB's listings for Truss Products, and / or Truss products sold by LYB.

70. The listings do not belong to LYB and specific concerns about LYB were not raised.

71. Instead, as Amazon indicates, the infringement allegation type for the entire Product detail pages or complete offer for every ASIN was selected for submission in Complaint ID 10193520861.

72. LYB is not mentioned or referenced anywhere within Complaint ID 10193520861.

73. In fact, it is *impossible* to submit an allegation of trademark infringement against a specific seller via brand registry and also select the option that "A product detail page is unlawfully using my trademark …"



74. As shown above, the option to report a product detail page cannot be selected when a specific offer for an ASIN is selected.

75. There are only two (2) options available to report when a specific seller's offer is selected for a Report: (1) "A Product or its packaging has my trademark on it" or (2) "A product is counterfeit."

76. The entire product detail page is an unavailable selection.

77. Amazon explains this further on the "Report a Violation Page," stating that the option "A product detail page is unlawfully using my trademark" is unavailable for selection as the basis for a seller specific trademark infringement allegation because "[t]his type of infringement is disabled based on the types of selected items (e.g., ASIN, offer, image)

78. Thus, when a specific seller offer is selected, again, it is *impossible* to report an entire product detail page.

79. Again, as the Amazon submission history and Plaintiff's pleadings show, TRUSS filed PDP / ASIN level complaints that did not target LYB or any other specific sellers.

80. Truss did not submit any Reports concerning LYB, LYB's listings for Truss Products, and / or Truss products sold by LYB.

81. Furthermore, Amazon listings do not belong to any specific seller.

82. When a new ASIN is created on the Amazon platform it becomes part of Amazon's Catalog. Per the BSA:

> You grant us a royalty-free, non-exclusive, worldwide right and license for the duration of your original and derivative intellectual property rights to use any and all of Your Materials for the Services or other Amazon product or service, and to sublicense the foregoing rights to our Affiliates and operators of Amazon Associated Properties; provided, however, that we will not alter any of Your Trademarks from the form provided by you (except to re-size trademarks to the extent necessary for presentation, so long as the relative proportions of such trademarks remain the same) and will comply with your removal requests as to specific uses of Your Materials (provided you are unable to do so using standard functionality made available to you via the applicable Amazon Site or Service); provided further, however, that nothing in this Agreement will prevent or impair our right to use Your Materials without your consent to the extent that such use is allowable without a license from you or your Affiliates under applicable Law (e.g., fair use under United States copyright law, referential use under trademark law, or valid license from a third party).

83. Truss did not create the PDPs for ASINs B08B4VCFLX & ASIN B08B4TS7NS.

84. Truss' complaint to Amazon was not filed against Plaintiff or any of Plaintiff's products.

85. When the ASINs at issue were unlawfully created, they were added to Amazon's catalog permanently.

86. The settlement agreement with TRUSS does *not* preclude TRUSS from filing Amazon complaints against entire product detail pages that blatantly misuse TRUSS' intellectual property.

87. The reported listings provided incorrect product identification codes, clearly misrepresenting the source and origin of the products, contained low quality content, and contained other false and misleading information which ultimately presented a poor brand image.

88. Truss has every right to police this activity relative to its products and their intellectual property rights.

89. The complaint ID at issue was filed due to the improper use of TRUSS' IP on an ASIN wide level.

90. The submission to Amazon was not in regard to the specific products sold by any third-party seller, including Plaintiff.

91. Plaintiff takes the preposterous position that the Settlement limits TRUSS' right to enforce its trademark on any ASIN sold on Amazon.com simply because LYB joined that listing.

92. If Plaintiff's interpretation were correct, the Settlement would allow LYB to join and sell TRUSS products even on listings with sexually charged images and content and TRUSS would then be precluded from filing any allegations of infringement despite the clear abuse of its intellectual property.

93. This is an unreasonable interpretation of the Settlement.

94. ASIN / PDP level complaints do not target specific sellers.

95. Complaint ID 1019352086 was not filed against LYB in any regard.

**COUNT I**
**FEDERAL UNFAIR COMPETITION**
**15 U.S.C. § 1125**

96. Counter-Plaintiffs repeat the foregoing allegations as though set forth fully herein.

97. Westpark Electronics owns and has rights in the trademark TRUSS for hair and beauty products, among other uses.

98. The mark is a strong mark and is valid and subsisting, in that it is an arbitrary mark in relation to the services products offered, and has built up a strong commercial recognition in the years it has

been used by Truss, including on Amazon.

99. The activities of Defendants complained of herein constitute willful and intentional uses, appropriations and infringements of the TRUSS marks; completely and deliberately disregard Counter-Plaintiffs' rights and were commenced and have continued in spite of Counter-Defendants' knowledge that the use of the marks in the manner described herein was and is in direct contravention of Counter-Plaintiffs' rights, all in violation of 15 U.S.C. § 1125(a).

100.     The use by Counter-Defendants of copies of the Truss mark in the manner described herein has been without the consent of Plaintiff, is likely to cause confusion and mistake in the minds of the purchasing public and the trade that the products sold and offered for sale by Counter-Defendants are those of Counter-Plaintiffs, when they are not.

101.     Counter-Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Counter-Defendants detailed above in an amount to be determined at trial, but constituting at least $100,000.

**COUNT II**
**FEDERAL FALSE ADVERTISING**
**15  U.S.C. § 1125**

102.     Counter-Plaintiffs repeat the foregoing allegations as though set forth fully herein.

103.     As described above, Counter-Defendants have made false or misleading statements about the products offered, including offering Truss branded products that purport to include genuine Truss products, but lack the required product and packaging to be genuine Truss Products

104.     The use of such false descriptions deceives consumers into believing that they are purchasing genuine Truss Products and the deceptive offerings is clearly material to the consumers' purchase decision, as they are paying a premium for Truss Branded Products, when they are receiving less than promised.

33

105.    The advertisements also omit material facts, including incorrect UPC and item codes provided; incorrect title; incorrect images; missing images; incorrect product descriptions; incorrect product dimensions; and typos in the listing content.

106.    The advertised products travel in interstate commerce, in that Counter-Defendants offer them on a platform (Amazon) dedicated to sales throughout the United States, and Counter-Defendants have sold these products from their home state of New Jersey to multiple other states.

107.    Counter-Counter-Plaintiffs are being harmed and injured both in terms of declining sales and loss of good will, in the manner detailed above.

108.    Counter-Plaintiffs have no adequate remedy at law, and are suffering irreparable harm and damage as a result of the acts of Counter-Defendants detailed above in an amount to be determined at trial, but constituting at least $100,000.

**WHEREFORE**, TRUSS prays that this Court enter judgment in favor of Counter-Plaintiff awarding Counter-Plaintiff compensatory, statutory and punitive damages, along with costs, legal fees and disbursements in an amount to be determined at trial and granting Counter-Plaintiffs all other appropriate relief.

<u>**JURY DEMAND**</u>

Answering defendant's hereby demand a trial by jury as to all issues presented herein.

Dated: February 13, 2023

R. Scott Fahrney, Esq.
Bar Id.: 017182008
**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
61 S. Paramus Road, Suite 250
Paramus, New Jersey 07652
201-347-2146
sfahrney@decotiislaw.com
Attorneys for Defendants/Counter-Plaintiffs

34

## DESIGNATION OF TRIAL COUNSEL

R. Scott Fahrney, Esq.,  of the law offices of DeCotiis, FitzPatrick, Cole & Giblin, LLP  is hereby designated as trial counsel.

Dated: February 13, 2023

_____
R. Scott Fahrney, Esq.
Bar Id.: 017182008
**DeCotiis, FitzPatrick, Cole & Giblin, LLP**
61 S. Paramus Road, Suite 250
Paramus, New Jersey 07652
201-347-2146
sfahrney@decotiislaw.com
Attorneys for Defendants/Counter-Plaintiffs

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any other court or arbitration proceeding.  To the best of my knowledge and belief, no other parties should be joined in the above action.

Dated: February 13, 2023

_____
R. Scott Fahrney, Esq.
Bar Id.: 017182008
**DeCotiis, FitzPatrick, Cole & Giblin, LLP**
61 S. Paramus Road, Suite 250
Paramus, New Jersey 07652
201-347-2146
sfahrney@decotiislaw.com
Attorneys for Defendants/Counter-Plaintiffs