UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LY BERDITCHEV CORP.,**<br><br>Plaintiff,<br><br>v.<br><br>**TRUSS COSMETICS CORP. and LOMA LICENCIAMENTO DE MARCAS LTDA,**<br><br>Defendants. | Civ. No. 22-04242 (KM) (CLW)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

     LY Berditchev Corp. ("LYB") resells hair products on Amazon that are manufactured and distributed by Loma Licenciamento De Marcas LTDA ("Truss Brazil") and Truss Cosmetics Corp. ("Truss USA") (collectively, "Truss"). Previously, LYB sued Truss for allegedly submitting false complaints to Amazon, and the parties ultimately settled the suit. Now, LYB alleges that Truss violated the terms of the settlement by submitting additional notices to Amazon with similarly unfounded accusations. Truss, in turn, alleges that LYB engaged in unfair competition and false advertising in violation of the Lanham Act, 15 U.S.C. § 1125. Before the Court is LYB's motion to dismiss and strike Truss's allegations under Federal Rules of Civil Procedure 12(b)(6) and 12(f). (DE 39.)[1] For the following reasons, Truss's motion to dismiss is **GRANTED** and its motion to strike is **GRANTED** in part and **DENIED** in part.

---

[1]     Certain citations to the record are abbreviated as follows:

    DE = docket entry

    Compl. = Complaint (DE 1)

    CC = Counterclaim (DE 36 at 19–34) (DE 34 and 35 were filed in error; DE 36 is the operative document. (*See* DE 37.))

1

## I. BACKGROUND

LYB is a reseller of consumer goods. (Compl. ¶ 4.) Truss Brazil and Truss USA are manufacturers and distributors of hair care products. (*Id.* ¶¶ 2–3.)[2] This action concerns LYB's resale of Truss's products on Amazon. (*Id.* ¶ 5.)

By way of background, LYB previously sued Truss for allegedly filing false complaints to Amazon in connection with LYB's sales of Truss's products. (*Id.* ¶¶ 6–7.) In that action, LYB alleged that Truss submitted notices to Amazon containing the untrue accusation that LYB's sales infringed Truss's trademarks. (*Id.* ¶ 6.) LYB sought relief for tortious interference, defamation, and trade libel, but ultimately reached a settlement agreement with Truss. (*Id.* ¶¶ 8–9.) According to LYB, the settlement barred Truss from filing further complaints to Amazon regarding LYB. (*Id.* ¶¶ 10.)

LYB now alleges that Truss has breached the parties' settlement by submitting additional notices to Amazon with similarly unfounded accusations of trademark infringement. (*Id.* ¶¶ 70–85.) LYB again asserts claims against Truss for tortious interference and defamation, in addition to claims for breach of contract. (*Id.* at 16–17, ¶¶ 107–35.)[3] LYB also seeks a declaratory judgment that it did not infringe Truss's trademarks. (*Id.* ¶¶ 96–106.)

Truss initially moved to dismiss LYB's allegations. (DE 10.) However, following denial of the motion to dismiss (DE 30), Truss filed an answer and counterclaim against LYB (DE 36).[4]

In its counterclaim, Truss alleges that LYB marketed hair products via duplicate listings that contained "incorrect and misleading information," including incorrect titles, universal product codes, item codes, descriptions, dimensions, and images, as well as typos and missing images. (CC ¶¶ 36, 40–

---

Mot. = LYB's Brief in Support of the Motion to Dismiss and Strike (DE 39-1)

Opp. = Truss's Opposition to the Motion to Dismiss and Strike (DE 42)

Reply = LYB's Reply in Further Support of the Motion to Dismiss (DE 43)

[2] Truss Brazil owns U.S. Trademark Registration No. 4738823, which covers the stylized mark on Truss's hair care products, and Truss USA distributes Truss's hair care products in the United States. (Compl. ¶¶ 27–28.)

[3] Due to an apparent error in the numbering of the allegations under the breach of contract claim, I reference page numbers.

[4] The title of Truss's answer refers to crossclaims (DE 36 at 1), but crossclaims are brought against co-parties, not opposing parties, Fed. R. Civ. P. 13(g). In any event, the body of the document makes it clear that the pleading is a "Counterclaim Against Plaintiffs [*sic*]." (DE 36 at 19).

42.)[5] According to Truss, LYB's duplicate listings not only resulted in "poor brand image" (*id.* ¶ 43), but also caused confusion (*id.* ¶ 100) and material deception (*id.* ¶¶ 104–05) vis-à-vis consumers, who received different and lesser goods than expected (*id.* ¶¶ 6, 100, 103–04). Truss therefore asserts that LYB engaged in unfair competition and false advertising in violation of the Lanham Act. (*Id.* ¶¶ 96–108.)

On March 20, 2023, LYB filed the current motion to dismiss and strike the counterclaim (DE 39), along with a brief in support (Mot.). After obtaining an automatic extension of the time to respond (DE 40), Truss filed a letter in lieu of an opposing brief on April 20, 2023 (Opp.).[6] Thereafter, on April 24, 2023, LYB filed a reply in further support of the motion. (Reply.)

## II.   LEGAL STANDARDS

Under Rule 12(b)(6), a party may move dismiss a pleading for failure to state a claim to relief. For purposes of the motion, the district court accepts the facts alleged in the pleading as true and draws all reasonable inferences in favor of the non-moving party. *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014). While the pleading need not contain detailed factual allegations, Fed. R. Civ. P. 8(a), it must contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The pleading is facially plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, "conclusory or bare-bones allegations will no longer survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citations omitted).

Separately, Rule 12(f) allows a district court to strike redundant, immaterial, impertinent, or scandalous matters from a pleading. "The purpose of a motion to strike is to save time and expense through the excision of matter from the pleadings that will not affect the outcome of the case." *Bristol-Myers Squibb Co. v. IVAX Corp.*, 77 F. Supp. 2d 606, 619 (D.N.J. 2000). "Motions to

---

[5]   Furthermore, Truss alleges that LYB's duplicate listings violated Amazon policy, which assigns a single product detail page to each consumer good and prohibits the creation of additional product detail pages. (*Id.* ¶¶ 13, 29.)

[6]   LYB requests that I disregard the opposition letter filed by Truss for unjustified untimeliness and improper format. (Reply at 6–9.) It is true that the letter was actually filed three days after the extended deadline. Counsel did not provide a justification for the delay, writing only that he "was under the impression that this had been filed with the Court." (Opp. at 1.) I will nevertheless excuse the short delay and technical shortcomings.

strike, however, are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993) (citations omitted).

## III. DISCUSSION

### a. Motion to Dismiss

The counterclaim alleges two counts, both under the Lanham Act, 15 U.S.C. § 1125: one for false advertising, and one for unfair competition. In support of its motion to dismiss the counterclaim, LYB argues that Truss fails to plead a Lanham Act violation because the allegations are either conclusory in that they lack factual support, or else are mere copies of irrelevant allegations from an earlier brief. (Mot. at 8–13.)

To plead unfair competition under the Lanham Act, a party must adequately allege that "(1) the mark at issue is valid and legally protectable; (2) the mark is owned by the [party]; (3) the [opposing party] used the mark in commerce on or in connection with any goods or services or container for goods; and (4) this 'use' was in a manner likely to create confusion concerning the origin of the goods or services." *Buying For The Home, LLC v. Humble Abode, LLC*, 459 F. Supp. 2d 310, 318 (D.N.J. 2006).

To plead false advertising under the Lanham Act, a party must sufficiently allege "1) that the [opposing party] has made false or misleading statements as to his own product or another's; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the [party] in terms of declining sales, loss of good will, etc." *Warner-Lambert Co. v. Breathasure, Inc.*, 204 F.3d 87, 91–92 (3d Cir. 2000) (citations omitted) (cleaned up).

Here, Truss does not adequately allege that LYB resold products in a manner likely to create confusion concerning the origin of the goods. Nor does Truss sufficiently allege that LYB's statements about the resold products had a tendency to materially deceive the intended audience. Truss merely alleges that LYB's listings contained inaccuracies. Without greater factual detail regarding the nature and scope of those alleged inaccuracies, I cannot determine whether it is plausible that they would cause confusion or material deception vis-a-vis

consumers.[7] Truss's related allegation that LYB resold different and lesser goods than the consumers expected to receive is difficult to understand or interpret. This allegation could be another way of referring to the (inadequately described) inaccuracies in the listings, or perhaps Truss means to allege that there was some larger problem with the goods. Either way, the counterclaim does not contain enough facts to plausibly set forth the confusion and material deception elements of unfair competition and false advertising.[8] I will therefore grant the motion to dismiss the counterclaim for failure to state a claim under the Lanham Act.[9]

### b. Motion to Strike

For the guidance of the parties, I also consider in the alternative LYB's motion to strike the allegations contained in the counterclaim. LYB argues that Truss's counterclaim is copied directly from an earlier brief and that the allegations therein are irrelevant. (Mot. at 13.)

The Court agrees that the counterclaim is largely lifted from an earlier brief (*compare* CC ¶¶ 8–95, *with* DE 10-1 at 5–19), but the allegations will not necessarily be stricken on grounds of lack of originality. On analysis, however, I find that about half of the allegations are non-pertinent. (*See* CC ¶¶ 49–95.) These allegations purport to show that, as a result of Amazon's reporting mechanism, Truss flagged the duplicate listings, but without specifically targeting LYB. (*Id.*) Such facts might be relevant to Truss's theories of defense as to LYB's breach-of-contract claim (*see* DE 30 at 4–8), but they are not relevant to its unfair competition and false advertising counterclaim against LYB. These allegations are therefore superfluous and serve only to confuse the issues as to the counterclaim. *See Ass'n of New Jersey Chiropractors, Inc. v. Data iSight, Inc.*, Civ. No. 19–21973, 2022 WL 4483596, at *3 (D.N.J. Sept. 27, 2022) (striking "copied allegations" that "do not form the basis of [the] claims" at issue). The motion to strike will therefore be granted in the alternative, but only as to paragraphs 49 through 95 of the counterclaim.

---

[7]  The possibility that the inaccuracies created a poor brand image is similarly speculative absent more factual content.

[8]  Since the counterclaim does not sufficiently allege confusion or material deception, I need not examine the remaining elements of unfair competition or false advertising.

[9]  That conclusion, by the way, would be the same even if I opted to disregard Truss's opposition letter for noncompliance with Local Civil Rules 7.1(d)(7) and 7.2(b). *See* p.3 n.6, *supra*.

## IV.    CONCLUSION

For the reasons set forth above, the motion to dismiss the counterclaim is **GRANTED.** The alternative motion to strike the counterclaim is **GRANTED** as to counterclaim paragraphs 49 through 95, but **DENIED** as to the remaining paragraphs.

The dismissal is without prejudice to the submission of an amended counterclaim to cure the deficiencies noted herein. If no amended counterclaim is filed within 30 days, the dismissal shall become one with prejudice.

A separate order will issue.

**Dated**: September 28, 2023

/s/ Kevin McNulty
**KEVIN MCNULTY**
**United States District Judge**