<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LY BERDITCHEV CORP., <br><br> Plaintiff, <br><br> v. <br><br> TRUSS COSMETICS CORP. and LOMA LICENCIAMENTO DE MARCAS LTDA, <br><br> Defendants. | Case No. 2:22-cv-04242 (BRM) (CLW) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are two Motions for Partial Summary Judgment. The first is Plaintiff Ly Berditchev Corp.'s ("LYB") Motion for Partial Summary Judgment, pursuant to Federal Rule of Civil Procedure 56. (ECF No. 71.) The second is Defendants Truss Cosmetics Corp. and Loma Licenciamento de Marcas Ltda's ("Loma") (collectively, "Truss") Cross-Motion for Partial Summary Judgment, pursuant to Federal Rule of Civil Procedure 56. (ECF No. 72.) The same filing contained Truss's Opposition (*id.*) to LYB's Motion (ECF No. 71), and LYB filed a Reply and Opposition in one submission (ECF No. 73). Having reviewed the parties' submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, LYB's Motion for Partial Summary Judgment is **DENIED** and Truss's Cross-Motion for Partial Summary Judgment is **DENIED**.

**I.    BACKGROUND**

    **A.    Factual Background**

This matter arises from a contract dispute in which LYB seeks to recover liquidated

damages in the amount of $50,000 per violation covered by a 2021 Settlement Agreement (the "Settlement Agreement"). (ECF No. 1 ¶ 10.) LYB alleges three breaches of the contract. (*See generally* ECF No. 1.)

"LYB is in the business of reselling consumer goods through various channels, including the Amazon Marketplace." (ECF No. 71-2 ¶ 1; ECF No. 72-1 ¶ 1.) Truss Cosmetics Corp. is a distributor of Truss products in the United States, and Loma is a Brazilian company that manufactures and distributes Truss products. (ECF No. 71-2 ¶¶ 2, 4; ECF No. 72-1 ¶¶ 2, 4.) Although LYB resells Truss products on Amazon, it is not an authorized reseller as Truss Cosmetics Corp. is the exclusive distributor and licensee and Truss has only authorized Beauty Pro Distributor, LLC d/b/a SBT Supply ("SBT") to sell Truss products on Amazon. (*See* ECF No. 71-2 ¶¶ 4, 37; ECF No. 72-1 ¶¶ 4, 37.) On February 25, 2021, LYB filed its initial suit against Truss regarding seven different reports submitted by Truss to Amazon. (ECF No. 71-2 ¶ 19; ECF No. 72-1 ¶ 19.) On April 23, 2021, LYB and Truss entered into a Settlement Agreement to resolve the initial lawsuit. (ECF No. 71-2 ¶ 20; ECF No. 72-1 ¶ 20.) Integral to this lawsuit is Paragraph 2 of the Settlement Agreement, which states:

> Agreement to Cease Submission of Reports. Truss agrees to: (1) forever cease submitting, directly or indirectly, Reports to third-party marketplaces, including Amazon, concerning LYB, LYB's listings for Truss Products, and/or Truss Products sold by LYB; and (2) prevent its agents, attorneys, licensees and distributors from submitting, directly or indirectly, such Reports. Reports shall be defined as a request to remove and/or delist Truss Products for violation(s) of Truss's intellectual property or Amazon's policies, including authenticity, packaging, condition, or description of Truss Products.

(*See* ECF No. 71-2 ¶ 21; ECF No. 72-1 ¶ 21.) On May 24, 2021, the initial lawsuit was dismissed with prejudice by LYB pursuant to the Settlement Agreement. (ECF No. 71-2 ¶¶ 23–24; ECF No. 72-1 ¶¶ 23–24.)

The parties agree that on or about June 8, 2022, Truss submitted a report to Amazon under Amazon Standard Identification Number ("ASIN") B08B4VCFLX ("851 Report") related to trademark infringement, however, the parties disagree as to whether the 851 Report states LYB was committing the infringement or whether it was a report of an entire product detail page as a duplicate with inaccurate information. (ECF No. 71-2 ¶¶ 25–26; ECF No. 72-1 ¶¶ 25–26.) The parties agree that a second report under ASIN B08B4TS7NS ("861 Report") was submitted by Truss to Amazon regarding trademark infringement but disagree on whether the "actually[-]filed report accused LYB of infringement" or whether the report merely "identified the product detail page as a duplicate with inaccurate information." (ECF No. 71-2 ¶¶ 29–30; ECF No. 72-1 ¶¶ 29–30.)

On June 9, 2022, "LYB's counsel wrote to Truss's counsel, advising that Truss had breached the Settlement Agreement." (ECF No. 71-2 ¶ 28; ECF No. 72-1 ¶ 28.) LYB asserts that because of the allegedly duplicative reports, Amazon revoked LYB's ability to sell products under each respective ASIN. (ECF No. 71-2 ¶¶ 27, 31.) Truss states it only agrees that the "reported, duplicate ASIN w[ere] removed," as it does not "have sufficient information to admit or deny" LYB's assertion that Amazon revoked its ability to sell because Truss was never informed by Amazon of the action taken. (ECF No. 72-1 ¶¶ 27, 31.) The parties agree that on or about October 10, 2022, Truss filed a third report for trademark infringement under ASIN B079ZP4839 ("'791 Report"). However, LYB states it specified "that [LYB] was infringing the TRUSS Registration," causing Amazon to revoke LYB's ability to sell products under the ASIN, whereas Truss asserts that the report was targeted to Castle Distribution Co., another seller, and Amazon had mistakenly applied the reported complaint (ID: 10973945791) to the entire ASIN, causing both LYB and the only seller authorized by Truss to sell its products on Amazon in the United States, SBT, to lose

their respective listings. (ECF No. 71-2 ¶¶ 33–34, 37; ECF No. 72-1 ¶¶ 33–34, 37.)

LYB alleges it has suffered financial and reputational harm because of the three trademark infringement reports. (ECF No. 71-2 ¶ 36.) Truss refutes such an assertion, claiming the reports were "directed to duplicate listings with inaccurate information, not the pre-existing listing for the same products having correct information" and LYB was still "free to use the pre-existing listing." (ECF No. 72-1 ¶ 36.) Truss also states Amazon conducted an independent investigation after receiving reports of duplicate listings, ultimately making its own determination as to the appropriate action, and Truss made no allegation to Amazon targeting LYB or asserting that LYB was responsible for the reported duplicate listings. (*Id.*) Further, while both parties agree that SBT is the only authorized seller of Truss products on Amazon in the United States, Truss denies LYB's assertion that Truss allows Amazon to sell Truss products under ASINs B08B4VCFLX and B08B4TS7NS because it "did not and does not sell TRUSS brand products to Amazon for resale." (ECF No. 71-2 ¶¶ 37–39; ECF No. 72-1 ¶¶ 37–39.) Truss and LYB agree SBT sells the "TRUSS Night Spa Serum" on Amazon under ASIN B079ZP4839. (ECF No. 71-2 ¶ 40; ECF No. 72-1 ¶ 40.)

LYB's Response to Truss's Statement of Undisputed Facts consists of numerous disagreements with Truss, claiming many of Truss's alleged facts are "irrelevant to the breach of contract claim" and disputing relied-upon evidence as being a "sham affidavit." (*See* ECF No. 72-2; ECF No. 73-1.) LYB also argues against a majority of Truss's put forth Statement by stating "[n]o reasonable fact-finder could agree . . . Also irrelevant and unsupported." (*Id.*)

**B.     Procedural Background**

On June 23, 2022, LYB filed a Complaint "for breach of contract on the basis of [Truss's] willful breach of a 2021 settlement agreement entered into by and between Plaintiff and [Truss]."

4

(ECF No. 1.) LYB also sought declaratory judgment and claimed tortious interference with business relations and defamation. (*Id.*) On August 2, 2022, Truss filed a Motion to Dismiss LYB's Complaint. (ECF No. 10.) Truss argued it did not breach the Settlement Agreement because it did not specifically target LYB in its reports to Amazon, but rather Truss focused on reporting duplicate listings and entire product detail pages. (*Id.* at 18–20.) Due to various discovery disputes, LYB filed a Motion to Compel Discovery on January 6, 2023. (ECF No. 26.) On January 7, 2023, Truss filed a Motion to Stay Discovery (ECF No. 27), and, on January 9, 2023, the Court denied the Stay (ECF No. 28). On January 20, 2023, the Court issued an Opinion denying Truss's Motion to Dismiss. (ECF No. 30.)

> In pertinent part, the Court held:
>
>> In any event, even if Truss did report entire product detail pages for trademark infringement and did not identify LYB's listings specifically, it is not clear that such behavior would not violate the terms of the parties' settlement agreement. The agreement prohibits Truss from submitting reports to Amazon "concerning LYB, LYB's listings for Truss Products, and/or Truss products sold by LYB." The agreement defines a "report" as "a request to remove and or/delist Truss Products for violation(s) of Truss's intellectual property or Amazon's policies, including authenticity, packaging, condition, or description of Truss products." LYB argues that this language was intended to prevent Truss from submitting any reports related to LYB, including reports against an entire product detail page that contains LYB's listings. Truss, on the other hand, takes the position that the language prohibits only the submission of reports that directly target LYB's listings.

(*Id.* at 7 (citations omitted).) As a result, discovery continued, and, on February 13, 2023, Truss filed an Answer to the Complaint, Affirmative Defenses and Cross Claim for Damages, Injunctive, and other Relief for Violation of 15 U.S.C. §§ 1114, 1125(A). (ECF No. 36.) Truss admitted the Settlement Agreement existed but denied all allegations that Truss had violated the law. (*Id.* at 12.) Truss similarly denied the allegations of Tortious Interference with Business Relations, Defamation, and for Declaratory Judgment. (*Id.* at 13–15.) Truss claimed Affirmative Defenses of:

5

(1) Waiver, Acquiescence, Estoppel, Laches; (2) No Willfulness; (3) No Damage; (4) Failure to Mitigate Damages; (5) Duplicative Claims; (6) Third-Party Use; (7) Non-Infringement; (8) Concurrent Use; (9) Innocent Infringement; (10) Failure to State a claim; (11) Unclean Hands; (12) Indispensable Party; (13) Standing; (14) Failure to Mitigate; and (15) Inequitable Conduct. (*Id.* at 17–19.) It also asserted counterclaims against LYB for unfair competition in violation of 15 U.S.C. § 1125 and for false advertising in violation of 15 U.S.C. § 1125. (*Id.* at 32–33.) Truss demanded a minimum of $100,000 for each cause of action. (*Id.*) In response, on March 20, 2023, LYB filed a Motion to Dismiss and Strike the Counterclaims. (ECF No. 39.) On April 20, 2023, Truss filed an Opposition to LYB's Motion to Dismiss and Strike the Counterclaims (ECF No. 42), and, on April 24, 2023, LYB filed a Reply (ECF No. 43).

On May 1, 2023, LYB's Motion to Compel Discovery (ECF No. 26) was terminated. On July 20, 2023, discovery was deemed complete, and the parties were ordered to meet and confer and to submit a schedule for Summary Judgment. (ECF No. 45.) That same day, Truss's counsel filed a letter claiming depositions were outstanding and therefore discovery was not complete. (ECF No. 46). LYB's counsel responded that fact discovery had closed on March 1, 2023, pursuant to the Pretrial Scheduling Order (ECF No. 14), and asserted grievances regarding Truss and the discovery process. (ECF No. 47.) Truss's counsel denied LYB's characterizations and stated he would file a formal motion to reopen discovery if need be. (ECF No. 48.) No such motion was filed, but on August 8, 2023, the court ordered the "[p]arties to finish depositions by September 28, 2023" and to "meet and confer and submit a summary judgment schedule on the docket." (ECF No. 51.) On September 28, 2023, this Court issued an Opinion granting LYB's Motion to Dismiss the Counterclaim and granting the Alternate Motion to Strike as to Paragraphs 49–95 of the Counterclaim but denying the Alternative Motion to Strike as to the remaining paragraphs. (ECF

6

No. 57.) The Court dismissed the Counterclaim without prejudice and granted Truss leave to file an Amended Counterclaim to cure the deficiencies noted in the Opinion. (*Id.*) Truss did not file an Amended Counterclaim within the allotted thirty days, and so the Court dismissed Truss's Counterclaim with prejudice. (*See id.*)

On October 16, 2023, the Court ordered LYB's deposition and that the "[p]arties . . . discuss settlement and inform the Court as to when a settlement conference is appropriate." (ECF No. 59.) On November 29, 2023, the case was reassigned from Judge Kevin McNulty to Judge Brian R. Martinotti. (ECF No. 62.) On January 23, 2024, the Court confirmed the parties were in settlement discussions but ordered them to inform the Court if assistance became necessary. (ECF No. 64.) The Court additionally ordered the parties to submit a schedule for future motion practice if the parties were unable to settle. (*Id.*) On February 23, 2024, the parties submitted a joint letter regarding a proposed briefing schedule for the parties' contemplated motions for summary judgment. (ECF No. 65.) On February 26, 2024, the Court adopted the parties' proposed briefing schedule.[1] (ECF No. 68.)

On May 19, 2024, LYB filed its Motion for Partial Summary Judgment. (ECF No. 71.) On May 17, 2024, Truss filed its Opposition to LYB's Motion for Partial Summary Judgment, which included Truss's Cross-Motion for Partial Summary Judgment. (ECF No. 72.) Also on May 17, 2024, LYB filed its Reply to Truss's Opposition, which included its own Opposition to Truss's Cross-Motion for Partial Summary Judgment. (ECF No. 73.)

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as

---

[1] The Court amended the summary judgment briefing schedule on February 28, 2024. (ECF No. 69.)

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." L. Civ. R. 56.1(a). A party asserting a genuine dispute of material fact must support the assertion by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). A factual dispute "is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and "is material only if it might affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment." *Read v. Profeta*, 397 F. Supp. 3d 597, 625 (D.N.J. 2019) (citations omitted). Irrelevant or unnecessary factual disputes will also not preclude a grant of summary judgment. *See Anderson*, 477 U.S. at 248. Moreover, "mere speculation does not create genuine issues of material fact." *Dellapenna v. Tredyffrin/Easttown Sch. Dist.*, 449 F. App'x 209, 215–16 (3d Cir. 2011) (citing *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990)).

      The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a movant adequately supports its summary judgment motion, the burden shifts to the nonmovant to "go beyond the pleadings

8

and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000) (quoting *Anderson*, 477 U.S. at 255). In other words, in deciding a party's summary judgment motion, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 255. "Summary judgment is appropriate only when there are no genuine issues of material fact, drawing all justifiable inferences in favor of the nonmovant." *Adams v. Fayette Home Care & Hospice*, 452 F. App'x 137, 139 (3d Cir. 2011) (citing *Anderson,* 477 U.S. at 248, 255).

If the moving party bears the burden of proof at trial, summary judgment is not appropriate if the evidence is susceptible to different interpretations or inferences by the trier of fact. *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999); *see also id.* at 553 n.9 (noting "summary judgment is rarely granted in a plaintiff's favor in cases where the issue is a defendant's racial motivation, such as disparate treatment suits under Title VII or racial discrimination claims under 42 U.S.C. § 1981"). On the other hand, if the non-moving party bears the burden of proof at trial, "summary judgment is warranted if the nonmovant fails to 'make a showing sufficient to establish the existence of an element essential to [its] case.'" *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (alteration in original) (quoting *Celotex Corp.*, 477 U.S. at 322). A "genuine issue as to any material fact" cannot

9

exist if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 248).

### III. DECISION

LYB filed its Motion seeking Partial Summary Judgment in its favor on the breach of contract claim. (*See generally* ECF No. 71.) LYB argues the Settlement Agreement is a valid, unambiguous contract and that Truss breached the Settlement Agreement by submitting certain reports to Amazon. (*Id.* at 8–11.) LYB contends the reports filed by Truss were prohibited under the Settlement Agreement. (*Id.* at 11.) As a result of the "false reports," LYB alleges it suffered financial and reputational harm. (*Id.* at 11–12.) Accordingly, LYB is seeking liquidated damages in the amount of $150,000 pursuant to Paragraph 2 of the Settlement Agreement as well as pre-judgment interest for the three known reports (Reports 851, 861, and 791). (*Id.* at 13–14.)

Truss filed an Opposition and Cross-Motion seeking Partial Summary Judgment on the same breach of contract allegation. (ECF No. 72.) While it does not dispute the Settlement Agreement is valid, Truss asserts LYB has not established an agreed-upon interpretation of Paragraph 2 that would prohibit all communications with Amazon to correct listing errors, which ultimately affect LYB. Instead, Truss argues that the purpose of Paragraph 2 of the Settlement Agreement was to prevent filing reports specifically targeting LYB. (*Id.* at 4.) Correspondingly, Truss continues to deny LYB's allegation that it did in fact request LYB's listings be removed

10

via the filing of the three reports. (*Id.* at 5.) Truss also argues LYB's reliance "on the words of the notifications it received from Amazon" are not an accurate reflection of the contents of its filed communications. (*Id.*) Truss lastly asserts the third report, the 791 Report, was not a breach regardless because it was directed to another seller—Castle Distribution—and Amazon "mistakenly took that report and applied against an entire ASIN, including [Truss's] own authorized seller." (*Id.*) As support, Truss cites to the exceptions clause in Paragraph 3 of the Settlement Agreement, which states that Paragraph 2 does not apply "in the event that Truss can provide conclusive evidence that: (1) Truss filed a Report that was erroneously processed against LYB . . . ." (*Id.* at 5–6.)

    A.    **Admissibility of Contested Declarations**

In its Reply, LYB argues "the parole evidence offered by Truss is irrelevant and inadmissible." (ECF No. 73 at 8.) LYB asserts Truss failed to identify three individuals—Robert Segall, Kunal Mirchandani, and Adam Furman—in its Initial Disclosures, "[n]or were these individuals identified in response to any discovery request, serve as Rule 30(b)(6) designees, or disclosed as experts." (*Id.*) Accordingly, LYB contends the declarations of these three individuals should be excluded under Federal Rule of Civil Procedure 37. (*Id.*) In relevant part, Rule 37(c) states:

> Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c). Additionally, LYB argues "any Statement of Fact that rely on these untimely

11

and improper declaration should be stricken." (ECF No. 73 at 9.)

"It is well settled that only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." *Countryside Oil Co. v. Travelers Ins. Co.*, 928 F. Supp. 474, 482 (D.N.J. 1995). "Indeed, Fed. R. Civ. P. 56(c) provides that a party may argue that certain material in the record 'cannot be presented in a form that would be admissible in evidence' and that, as a result, the material cannot be relied on to create or negate a genuine factual dispute." *Evans v. City of Newark*, Civ. A. No. 14-00120, 2023 WL 2535283, at *9 (D.N.J. Mar. 16, 2023). "In ruling on a motion for summary judgment, the court need only determine if the nonmoving party can produce admissible evidence regarding a disputed issue of material fact at trial. The proponent need only 'explain the admissible form that is anticipated.'" *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238 (3d Cir. 2016) (quoting Fed. R. Civ. P. 56 Advisory Committee's Note to 2010 Amendment); *see also Celotex Corp.*, 477 U.S. at 324 ("[T]he nonmoving party [is not required to] produce evidence in a form that would be admissible at trial in order to avoid summary judgment[.]"). This is significant because "a single, non-conclusory affidavit or witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment or judgment as a matter of law." *Cappuccio v. Prime Cap. Funding LLC*, 649 F.3d 180, 189 (3d Cir. 2011), *as amended* (Sept. 29, 2011). Conversely, "substantive law [identifies] which facts are material," a separate inquiry from evidentiary admissibility and a question of law. *Anderson*, 477 U.S. at 248; *see also Cnty. of Gloucester v. Princeton Ins. Co.*, 317 F. App'x 156, 159 (3d Cir. 2008) ("An issue is 'material' only if the dispute over facts 'might affect the outcome of the suit under the governing law.'" (quoting *Anderson*, 477 U.S. at 248)).

"To determine whether a discovery violation warrants excluding the associated evidence,

courts in the Third Circuit consider the . . . *Pennypack*[2] factors[.]" *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 567 (D.N.J. 2022) (citing *Lee v. Kmart Corp.*, Civ. A. No. 14-00079, 2016 WL 4373694, at *4 (D.V.I. Aug. 15, 2016)). The *Pennypack* factors that a court considers include:

> (1) the prejudice or surprise to a party against whom evidence is offered; (2) the ability to cure that prejudice; (3) the likelihood of disruption to trial; (4) the bad faith or willfulness of the party who did not comply with the disclosure rules; and (5) the importance of the evidence to the proffering party's case.

*Faiella*, 341 F.R.D. at 559; *see Pennypack*, 559 F.2d at 904–05; *Bronk v. Ineichen,* 54 F.3d 425, 432 (7th Cir. 1995) (interpreting Rule 37(c)(1)) (finding that when ruling on a motion to call previously unidentified witnesses, the "district court should consider prejudice or surprise to opposing party, ability of party to cure prejudice, likelihood of disruption, and moving party's bad faith or unwillingness to comply" (citation omitted)); *In re Mercedes-Benz Anti-Trust Litig.*, 225 F.R.D. 498, 506 (D.N.J. 2005) (noting four factors that the Seventh Circuit had identified as helpful in deciding what is harmless under Rule 37(c)(1), which align with *Pennypack*) (citing *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.,* 60 F.3d 153, 156 (3d Cir.1995))). Federal Rule of Civil Procedure 37 "is designed to provide a strong inducement for disclosure of Rule 26(a) material." *Newman*, 60 F.3d at 156 (citing *Harlow v. Eli Lilly & Co.,* Civ. A. No. 94-04840, 1995 WL 319728, at *2 (N.D. Ill. May 25, 1995)). *Newman* notes that although the Rule "is written in mandatory terms," whether exclusion of the evidence is the appropriate sanction is "a matter within the discretion of the trial court." *Id.* (citing *Orjias v. Stevenson,* 31 F.3d 995, 1005 (10th Cir. 1994) ("Notwithstanding Rule 37(c), the district court may be found to have abused its discretion if [its] *exclusion of testimony* results in fundamental unfairness in the trial of the case.") (emphasis

---

[2] *See generally Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985).

13

added); *see generally*, Fed. R. Civ. P. 37(c) (Advisory Committee Notes).

At this time, the Court will reserve judgment on the admissibility of the declarations of Robert Segall, Kunal Mirchandani, and Adam Furman. Denying the Motions for Summary Judgment does not require the Court to decide this issue now as both parties still assert factual disputes without exclusive reliance on the declarations. LYB has also not filed a formal motion to exclude or motion to strike with regard to the three declarations and related statements by Truss. Likewise, LYB raises this issue for the first time in its Reply (ECF No. 73 at 8–13), and Truss has not yet been presented with an opportunity to rebut the assertions or explain its lack of disclosure. Moreover, the Court may ultimately determine that a sanction resulting in exclusion of the evidence may not be warranted per the *Pennypack* factors. While the contested declarations may have required production either in initial discovery or prior to the summary judgment motion, the Court has the discretion to not sanction via exclusion. *See Newman*, 60 F.3d at 156. Indeed, while LYB may be shocked by the declarations and argue bad faith or willfulness in withholding by Truss, considering this is occurring before trial, there is no prejudice to a jury, discovery could be reopened or depositions ordered, and Truss could argue the importance of the evidence to its case, it is possible to find the declarations would be admissible.

Accordingly, LYB may file appropriate motions in advance of trial to exclude or to strike the admissibility of the contested evidence.

### B.     Summary Judgment is Denied

At the core of this Motion is a dispute over contract interpretation and whether Truss breached the Settlement Agreement by filing reports with Amazon. Based upon the presented facts, neither party can agree on integral statements as to whether reporting duplicative listings constitutes a breach or if reports that do not target LYB specifically are within the scope of

Paragraph 2 of the Settlement Agreement. LYB also argues the contract is unambiguous and integrated as to its arguments classifying Truss's three reports as breaches. (ECF No. 73 at 7.)

Under New Jersey law, "[i]t is well settled that courts enforce contracts based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract" irrespective of whether the contract has an integration clause. *Dill v. Yellin*, 725 F. Supp. 3d 471, 481 (D.N.J. 2024) (citing *In re Cnty. of Atl.*, 166 A.3d 1112 (2017)); *see Sumitomo Mach. Corp. v. AlliedSignal, Inc.*, 81 F.3d 328, 332 (3d Cir. 1996) ("Evidence of the circumstances is always admissible in aid of the interpretation of an integrated agreement. This is so even when the contract on its face is free from ambiguity.") (quoting *Atl. N. Airlines, Inc. v. Schwimmer,* 96 A.2d 652, 656 (1953)); *Conway v. 287 Corp. Ctr. Assocs.,* 901 A.2d 341, 346 (2006) (determining ambiguity requires courts to "consider all of the relevant evidence that will assist in determining the intent and meaning of the contract"); *Marchak v. Claridge Commons, Inc.*, 633 A.2d 531, 535 (1993); *Medford Twp. Sch. Dist. v. Schneider Elec. Bldgs. Americas, Inc.*, 207 A.3d 265, 271 (N.J. App. Div. 2019). "Whether a contract is clear or ambiguous is a question of law." *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 362 (3d Cir. 1987). "If the language of a contract is plain and capable of legal construction, the language alone must determine the agreement's force and effect." *Manahawkin Convalescent v. O'Neill*, 85 A.3d 947, 958–59 (2014) (internal quotations and citation omitted). However, "[e]ven in the interpretation of an unambiguous contract, we may consider all of the relevant evidence that will assist in determining its intent and meaning." *Id.* In a summary judgment motion pertaining to contract interpretation, granting the motion is only appropriate when the contractual language is unambiguous—*i.e.,* "subject to only one reasonable interpretation." *Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 418 (3d Cir. 2013); s*ee Arnold M. Diamond, Inc. v. Gulf Coast Trailing Co.,* 180 F.3d

518, 521 (3d Cir. 1999). "If the nonmoving party presents a reasonable alternative reading of the contract, then a question of fact as to the meaning of the contract exists which can only be resolved at trial." *Newport Assocs. Dev. Co. v. Travelers Indem. Co.,* 162 F.3d 789, 792 (3d Cir. 1998) (citing *Tigg Corp.*, 822 F.2d at 361); *Landtect Corp. v. State Mut. Life Assurance Co.,* 605 F.2d 75, 80 (3d Cir. 1979)).

It is evident to this Court that a factual dispute is present, and an alternative reading of the contract is possible given the extrinsic evidence provided. Whether any component of the Settlement Agreement is deemed ambiguous or not, this Court would still need to look to the intent of the parties and other extrinsic evidence in determining the relevant paragraph's meaning. *See Sumitomo*, 81 F.3d at 332. This is required irrespective of an integration clause. *See id.*; *Dill*, 725 F. Supp. 3d at 481. For example, factual differences related to the parties' intents pertaining to targeting or not targeting LYB in a report are present even when not looking to the three declarations LYB contests. Truss states: "Mr. Lax of LYB refused to answer deposition questions about the meaning of the term 'indirectly,' and, with supporting objections from his counsel, any questions regarding his understanding of the terms of Paragraph 2 generally." (ECF No. 72 at 3.) At the same time, LYB argues "Truss does not identify any supposed ambiguity in the Settlement Agreement that would require straying from these rules . . . [and] Truss refused to provide discovery concerning the intent of the parties in entering into the . . . Settlement Agreement[.]" (ECF No. 73 at 6.) The Court is therefore unable to determine the Settlement Agreement's meaning because the evidence offered as to the contract's meaning and the intentions behind Truss's actions are in dispute.

Accordingly, LYB's Motion for Partial Summary Judgment is **DENIED**, and Truss's Cross-Motion for Partial Summary Judgment is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, LYB's Motion for Partial Summary Judgment is **DENIED**, and Truss's Cross-Motion for Partial Summary Judgment is **DENIED**. An appropriate order follows.


Dated: January 27, 2025                                   */s/ Brian R. Martinotti*
                                                          **HON. BRIAN R. MARTINOTTI**
                                                          **UNITED STATES DISTRICT JUDGE**